

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Kenneth J Taggart
45 Heron Rd
Holland, Pa 18966

Civil Case# __10__ __843__

Plaintiff:

v.

Wells Fargo Home Mortgage, Inc.
Mac X2401-049
1 Home Campus
Des Moines, IA. 50328

American Partners Bank
11595 N. Meridian St
Suite #250
Carmel, IN. 46032

Eagle Nationwide Mortgage Company
789 East Lancaster Ave
Suite #201
Villanova, Pa 19085

and Does

Defendant(s),

## JURISDICTION & VENUE

1.    Jurisdiction and Venue is conferred as the property is located in Montgomery County, State of Pennsylvania.

2.    Plaintiff relies on Federal Statues and Pennsylvania State law on which to base his claims ; The Real Estate Settlement & Procedures Act, & The Consumer Protection Credit Act. 15 U.S.C. 1601,  The Federal Truth In Lending Act & Regulation "Z", The Fair Credit Reporting Act, The Fair Debt Collection Practices Act, - Pennsylvania State Law, The Pennsylvania Unfair Trade, Practices and Consumer Protection.
Act  15 U.S.C. 1601,  12 U.S.C.A. 2601, 12 U.S.C.A. 2603,12 U.S.C.A. 2604, 12 U.S.C.A. 2607,12 U.S.C.A. 2610.,12 U.S.C.A. 2603, 24 CFR 3500.14, 24 CFR 3500.6, 24 CFR 3500.7, CFR 3500.10, 12 CFR 226.20, 12 CFR 226.19(b), 12 CFR226.18, 12 CFR  226.18(g), 12 CFR 226.18(h), 12 CFR 226.31(c), 12 CFR 226.32(c), 15 U.S.C.1639(a),15 U.S.C.1639(b), 15 USC 1681, 12 USC 2605, 15 USC 1601,1692,1692-1622p.

UTPCPL 73 PS. 201-1 73 P.S.   201-9.2

## PRELIMINARY ALLEGATIONS

3.     At all times relevant herein, Plaintiff, Kenneth J Taggart, is the owner of a single family residential property whose address is : 709 Schwab Rd, Hatfield, Pa 19440 (Montgomery County, Pennsylvania).

4.     At times relevant herein, Plaintiff is informed and believe that the Defendants, Wells Fargo Home Mortgage, Inc., American Partners Bank, And Eagle Nationwide Mortgage Company is or are Corporations,  Limited Liability Partnerships or Limited Liability Companies doing business in Montgomery County, State of Pennsylvania.

5.     At all times relevant herein, Plaintiff is informed and believes and thereon alleges that the true names, and identities and capacities, whether individual corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will so amend complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

6.     At all times relevant herein, Defendants are sued and were acting as principal employer, and or agent, servant and employee of the said principal(s) or employee(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

## STATEMENT OF FACTS

7.     About December 2008, Plaintiff applied for a mortgage for the single family residential property he owned at: 709 Schwab Rd; Hatfield, Pa 19440.

8.     The loan application for mortgage was made through Eagle Nationwide Mortgage Company at a branch in Philadelphia, Pennsylvania.

9.     Eagle Nationwide Mortgage Company then brokered the loan to American Partners Bank located in Carmel, Indiana.

10.    Loan was then sold later to Wells Fargo Home Mortgage, Inc. located in Des Moines, IA.

11.    An interest in the mortgage may have sold at some point to a securitized trust; This must be determined and disclosed by servicer.

12.    Subsequent lenders, purchasers of mortgages, assignees or transferees are also responsible for violations by original broker and mortgage company

13.    Original lender and broker failed to follow "Truth In Lending"  & " The Real Estate Settlement and Procedures Act" during the origination process of the loan; Also violated were Pennsylvania State "Unfair Trade Practices Act & Consumer Protection Laws"

14    During the origination process Plaintiff was not provided with a "Good Faith Estimate" from American partners Bank

15.    Defendant(s)  charged fees in excess of normal loan charges and settlement fees and failed to disclose them to Plaintiff prior to settlement and some not disclosed at all.

16.    Defendant(s) charged undisclosed broker fees, predatory yield spread premiums and did not disclose that they were added into the loan. Plaintiff paid a higher interest rate due to this non-disclosure.

17.    American Bank, and it's successors and assigns charged a higher interest rate than disclosed with the broker without disclosing it prior to settlement.

18.    The APR, Annual Percentage Rate, was higher than American Bank had disclosed prior to settlement and at settlement as well. APR on closing documents are not correct.

19.    Defendant, American Bank,  failed to provide mortgage disclosures within 3 days of mortgage application.

20.    American Bank failed to provide final disclosures at least 3 days prior to closing.

21.    American Bank failed to provide closing documents and Hud 1 sheet at least 24 hours prior to settlement.

22.    American Bank failed to provide all disclosures prior to closing the loan.

23.    Settlement charges were misrepresented and more than what was than what was disclosed at settlement.

24.   American Bank did not provide Kenneth J Taggart 3 copies of Right to Rescind at closing.

25    During the process of resolving disputes and servicing the loan, Wells Fargo Home Loans, Inc. willfully and without disregard to Plaintiff caused him harm by reporting inaccurate information, mis information, and failing to report account in dispute when obligated to by law.  Wells Fargo Home Loans Inc. violated "The Real Estate Settlement and Procedures Act" , "The Fair Credit Reporting Act" and "The Fair Debt Collection Practices Act".

26.   Plaintiff suffered "Defamation of Character" when violations occurred in reporting credit history causing Plaintiff to loose thousands of dollars , causing him to pay higher interest rates, and adversely affecting credit score.

27.   Plaintiff discovered that Truth-In-Lending Laws as well as REAL Estate Settlement & Procedures Act laws were violated during the origination process after reviewing loan documents in December 2009

28.   Plaintiff sent a certified letter to Wells Fargo Home Loans Inc. on December 16, 2009 indicating that he would like to rescind the loan. Wells Fargo Home Loans Inc. failed to respond to notice of "Rescission" due to "Truth-In-Lending violations.

COMES NOW PLAINTIFF, KENNETH J TAGGART, an individual, who all alleges damages and seeks relief against Defendants, and each of them as follows.

## FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Real Estate Settlement & Protection Act violations and Defamation, allege as follows.

29.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

30.    Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff a broker processing fee of $375 and other unearned fees at  closing without prior disclosure.

31.    Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclosing all fees and charges prior to settlement. RESPA 24 CFR 3500.14, 12 U.S.C. 2607

32.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

33.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

34.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SECOND CLAIM FOR RELEIF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

35.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein

36.    Defendant(s) failed to disclose all fees prior to settlement.
        All fees on settlement sheet were not disclosed prior to settlement.

37.    Defendant(s) violated the " Real Estate Settlement and Procedures Act"  RESPA 3500.10, 12 U.S.C. 2603

38.    Defendant(s), and each of them, committed the acts heron alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

39.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

40.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED


## THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

41.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

42.    Defendant(s) failed to provide a "Good Faith Estimate" within 3 days of mortgage application or prior to closing.

43.    Defendant(s)  violated the " Real Estate Settlement and Procedures Act" 24 CFR 3500.7, 12 U.S.C.: 2603.

44.     Defendant(s), and each of them, committed the acts heron alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

45.     Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

46.     Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FOURTH CLAIM FOR RELEIF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

47.     Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein

48.     Defendant(s) failed to provide mortgage documents and HUD 1 statement at least  24 hours prior to settlement.

49.     Defendant(s) violated the " Real Estate Settlement and Procedures Act"  RESPA 3500.10, 12 U.S.C. 2603

50.     Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

51.     Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven

at trial.

52.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIEF and for the separate and distinct CLAIM FOR RELIIEF for Intentional Misrepresentation against Defendants, allege as follows:

53.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein

54     Defendant(s) charged undisclosed fees and predatory lending fees to Plaintiff. Defendant(s) charged Plaintiff a predatory lending fee of $4,100.40 and other unearned fees at  closing without prior disclosure.

55.    Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclosing all fees and charges prior to settlement. Predatory lending fees and "Unearned Yield Spread Premiums" are not permitted by RESPA. RESPA 24 CFR 3500.14, 12 U.S.C. 2607

56.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

57.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

58.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# SIXTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

59.     Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein

60     Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff $486.44 interest and other unearned fees at  closing without prior disclosure.

61.     Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclosing all fees and charges prior to settlement. RESPA 24 CFR 3500.14, 12 U.S.C. 2607, CFR 3500.7

62.     Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

63.     Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

64.     Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

65.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

66.    Defendant(s) failed to provide all RESPA disclosures 3 days after application.   24 CFR 3500.7

67     Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

68.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

69.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## EIGHTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

70.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

71     Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff $695.00 commitment fee and other unearned fees at  closing without prior disclosure.

72.    Defendant(s) violated " The Real Estate Settlement and Procedures

Act" by not disclosing all fees and charges prior to settlement.
RESPA 24 CFR 3500.14, 24CFR 3500.7 ,12 U.S.C. 2607

73.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

74.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

75.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## NINTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

76.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

77.    Defendant(s) charged plaintiff broker fees and "Yield Spread Premiums" in  excess of normal market fees and engaged in predatory lending by charging Plaintiff higher than current market rates for the loan. Premium of $4,100.40 by lender for higher interest rate to borrower willfully and knowingly charging a higher interest rate than should have been charged. 12 U.S.C. 2607, 24 CFR 3500.14

78.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

79.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

80.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

81.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

82.    Failed to provide 3 copies of "Right to Cancel" at closing.

83.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

84.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

85.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## ELEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

86.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

87.    Defendant failed to make all Truth-In-lending & Real Estate Settlement & Procedures Act disclosures available before consummation. 12 C.F.R., 226.18

88.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

89.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

90.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWELTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

91.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

92.    Defendant(s) failed to disclose the payment schedule per "Regulation Z " 12 C.R.F. 226.18(g) Creditors must disclose the number, amounts, and timing of payments scheduled to repay the obligation.

93.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

94.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

95.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# THIRTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

96.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

97.    Defendant(s) failed to disclose the total payments, using that term, and a descriptive explanation such as " The amount you will have paid when you have made all scheduled payments". 12 C.F.R. 226.18(h). The total payments is the sum of the payments disclosed 12 C. F. R. 226.18(g).

98.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

99.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

100.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.



ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FORTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

101.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

102.   Defendant failed to provide proper Annual Percentage Rate on regulation "Z" Disclosure in closing documents. APR of "6.693%" is not accurate; Actual APR is Higher.

103.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

104.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

105.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# FIFTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

106.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

107.   Plaintiff sues for right to "Quiet Title" and rescind the loan per Truth-In -Lending requirements

108.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

109.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

110.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# SIXTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

111.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

112.   Plaintiff sues for penalty and damages for Defendant(s) refusal to Rescind loan After notification by Plaintiff.

113.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

114.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

115.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SEVENTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

116.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

117.   Defendant(s) breached contract with Plaintiff by hiding, omitting, and concealing true terms of loan in written documents; Terms were not the same as verbally disclosed or written as well.

118.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

119.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

120.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## EIGHTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

121.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

122.   Defendant failed to disclose the loan term(s) throughout the loan when the rate or payment amount is changed. 12 C.F.R. 226.20

123.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

124.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

125.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## NINETEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

126.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

127. Defendant, Wells Fargo Home Loans, Inc failed to respond to qualified written request from December 17,2009.

Failed to respond with notice within 20 days of receipt, failed to resolve dispute within 60 days, and failed to furnish plaintiff with name, phone number, and person who could resolve the dispute.

128. Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

129. Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

130. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TWENTIETH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

131. Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

132. Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equity Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go. Plaintiff paid off a lower interest rate 1st and 2nd to refinance the whole mortgage at a higher rate than original mortgage.

133. Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

134.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

135.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

136.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

137.   Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equity Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go.  Defendant engaged in Equity Stripping from Plaintiff without disregard for best interest to Home Owner or borrower. Defendant engaged in willful misrepresentation and disregard as to Borrower's Financial status or protection of Equity in Home. Defendants violated the "Home Owners Equity protection Act".

138.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

139.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

140.   Plaintiff is informed and believes and thereon alleges that as a result of

the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY SECOND CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

141.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

142.   Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equity Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go.  Plaintiff paid off a lower interest rate 1st and 2nd to refinance the whole mortgage at a higher rate than original mortgage. Defendant engaged in "Flipping" by persuading Plaintiff to refinance when it did not make any sense.

143.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

144.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

145.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TWENTY THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

146.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

147. Defendant failed to provide and disclose all terms of the loan at the time of mortgage application in violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

148.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

149.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

150.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TWENTY FOURTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

151.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

152. Defendant failed to provide and disclose all fees and cost of the loan at the time of mortgage application in violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

153.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

154.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

155.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

156.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

157.   Defendant failed to provide and disclosures all fees and cost of the loan at least 3 days prior to closing of the loan.        "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

158.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

159.   Plaintiff is informed and believes that as a further result of Defendant(s)

conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

160.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY SIXTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

161.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

162.   Defendant failed to provide closing documents and HUD 1 statement at least 24 hours prior to closing of the loan. A violation of the "The Pennsylvania Unfair Trade Practices and Consumer protection Law" . ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

163.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

164.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

165.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

## TWENTY SEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

166.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

167.   Defendant(s) charged plaintiff broker fees and "Yield Spread Premiums" in excess of normal market fees and engaged in predatory lending by charging Plaintiff higher than current market rates for the loan. Premium of $4,100.40 by lender for higher interest rate to borrower willfully and knowingly charging a higher interest rate than should have been charged. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

168.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

169.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

170.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY EIGHTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

171.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

172.   Defendant(s) failed to disclose the payment schedule per "Creditors must disclose the number, amounts, and timing of payments scheduled to repay the obligation. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

173.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

174.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

175.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY NINTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

176.    Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

177.    Defendant(s) failed to disclose the total payments, using that term, and a descriptive explanation such as " The amount you will have paid when you have made all scheduled payments. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

178.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

179.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

180.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS

PRAYED

# THIRTIETH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

181.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

182.   Defendant(s) failed to follow the Fair Credit reporting Act which constitutes a violation of the. "The Pennsylvania Unfair Trade Practices  and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.  Wells Fargo Home Loans Inc. reported account late, inaccurate payment history, and balance as in December 2009, January 2010, and February 2010, all while in dispute.

183.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.
184.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# THIRTY FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

185.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

186.   Defendant(s) failed to disclose the payment schedule per "Creditors must disclose the number, amounts, and timing of payments scheduled to repay the obligation. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

187.   Defendant(s), and each of them, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

188.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY SECOND CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

189.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

190.   Defendant failed to follow all procedures. "The Pennsylvania Unfair Trade Practices in servicing of the loan violating RESPA Sec 6 which constitutes a violation of The Pennsylvania Unfair Trade and Practices Act  and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

Defendant, Wells Fargo Home Loans, Inc failed to respond to  qualified written request from December 17,2009.

        Failed to respond with notice within 20 days of receipt, failed to resolve dispute within 60 days, and failed to furnish plaintiff with name, phone number, and person who could resolve the dispute.

191.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

192.   Plaintiff is informed and believes that as a further result of Defendant(s)

conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

193.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY THIRD CLAIM FOR RELIEF

194.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

195.   Defendant failed to provide proper disclosures under the " "Truth-In-Lending Laws and Real Estate Settlement and Procedure laws as to "When Payment May Change". a violation of TILA,RESPA &Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

196.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

197.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

198.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY FORTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows