199.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

200.   Defendant failed to disclose the loan term(s) throughout the loan when the rate or payment amount is changed "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

201.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

202.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

203.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

## THIRTY FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

204.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

205   Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equity Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go. Plaintiff paid off a lower interest rate 1st and 2nd to refinance the whole mortgage at a higher rate than original mortgage.
 "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

206.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

207.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

208.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY SIXTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

209.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

210.   Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equity Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go. Plaintiff paid off a lower interest rate 1st and 2nd to refinance the whole mortgage at a higher rate than original mortgage.
 "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

211.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

212.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

213.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS

PRAYED

# THIRTY SEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR
RELIEF for Credit Reporting and Defamation, allege as
follows

214.   Plaintiff repeats and repleads paragraphs 1 through 28 and
incorporates the allegations by reference as though fully set-forth herein.

215   Plaintiff disputed the payment history, payments credited as well
as payment amount several times and defendant failed to follow the
procedure under " The Fair Credit Reporting Act".  Defendant(s)
failed to report to the Credit Bureaus that the loan was in dispute,
failed to make a consumer report disclosure, reported inaccurate
information to the credit bureaus, and damaged the character of the
Plaintiff.

216.   12/09, 1/10, & 2/10 Defendant(s) failed to report the account as "In
Dispute" with the credit Bureau 's. in violation of "The Fair Credit Reporting
Act"15 U.S.C. 1681

217.   12/09, 1/10, & 2/10 Defendant(s) reported late payments to credit bureaus
and third parties in violation of "The Fair Credit Reporting Act"15 U.S.C. 1681

218.  12/09, 1/10, & 2/10 reported inaccurate and derogatory information while in
dispute in violation of "The Fair Credit Reporting Act". 15 U.S.C. 1681

219.   Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor
thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

220.   Plaintiff is informed and believes that as a further result of Defendant(s)
conduct, Plaintiff has suffered economic damages in the amount to be proven
at trial.

221.   Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY EIGHTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Mortgage servicing and Defamation, allege as follows

222.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

223    Plaintiff disputed the payment history, payments credited as well as payment amount several times and defendant failed to follow the procedure under " Real Estate Settlement and Procedures Act". Defendant(s) failed to report to the Credit Bureaus that the loan was in dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

224.   12/16/09 & 12/17/09 Defendant(s) failed to provide the name, person, and phone number who can resolve the dispute.

225.   12/09, 1/10, 2/10  reported inaccurate and derogatory information while in dispute in violation of Section six of "The Real Estate Settlement and Procedures Act". 12 U.S.C. 2605.  Defendant(s) failed  to protect the credit rating of the Plaintiff during the 60 day protection period while in dispute.

226.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

227.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

228.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# THIRTY NINTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Fair Debt Collection violations and Defamation, allege as follows

229.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

230    Plaintiff disputed the payment history, payments credited as well as payment amount several times and defendant failed to follow the procedure under " Fair Debt Collections Practices  Act".
 Defendant(s) failed to report to the Credit Bureaus that the loan was in dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

231.   12/09, 1/10, 2/10 Defendant(s) failed to report to credit bureaus "As Disputed". Section 807(f) 15 U.S.C. 1601, 15 U.S.C. 1692 ,1692-1622p

232.   Defendant on 12/09, 1/10, 2/10 reported inaccurate and derogatory information while in dispute in violation of  "The Fair Debt Collection Practices Act" Sec 809(b)  Defendant(s) failed  to protect the credit rating of the Plaintiff without validating debt and while in dispute. 15 U.S.C. 1601, 15 U.S.C. 1692 1692-1622p

233.   12/09, 1/10, 2/10 reported and derogatory information while in dispute in violation of  "The Fair Debt Collection Practices Act"Sec 809(b)
 Defendant(s) failed  to protect the credit rating of the Plaintiff without validating debt and while in dispute. 15 U.S.C. 1601, 15 U.S.C. 1692 1692-1622p

234    . Defendant(s) continued collection activity and reported misinformation to credit bureaus even when debt was not validated. "Fair Debt Collection Practices Act"809(b).

235.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

35

236.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

237.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FORTIETH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Fair Debt Collection violations and Defamation, allege as follows

238.   Plaintiff repeats and repleads paragraphs 1 through 28 and incorporates the allegations by reference as though fully set-forth herein.

239   Plaintiff disputed the payment history, payments credited as well as payment amount several times and defendant failed to follow the procedure under " Fair Debt Collections Practices  Act" which constitutes a violation under the " Pennsylvania Unfair Trade Practices Act & consumer protection law.

 Defendant(s) failed to report to the Credit Bureaus that the loan was in dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

Defendant(s) failed to report to the Credit Bureaus that the loan was in dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

240.   3/29/08, 5/29/08,6/21/08,6/26/08 & 2/24/09 Defendant(s) failed to report to credit bureaus "As Disputed". Section 807(f) 15 U.S.C. 1601, 15 U.S.C. 1692 ,1692-1622p

241.   Defendant on 5/15/08 & 5/30/08 failed to credit Plaintiff's payments as required.

242.  6/26/08 reported inaccurate and derogatory information while in dispute in violation of  "The Fair Debt Collection Practices Act"Sec 809(b)

Defendant(s) failed to protect the credit rating of the Plaintiff without validating debt and while in dispute. 15 U.S.C. 1601, 15 U.S.C. 1692 1692-1622p

243    . Defendant(s) continued collection activity and reported misinformation to credit bureaus even when debt was not validated. "Fair Debt Collection Practices Act"809(b).

244.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

245.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

246.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS:

**On the First Claim for Relief for failing Provide Required Disclosures**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Second Claim for Relief for Charging Undisclosed Fees**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Third Claim for Relief for Failing to Provide Good Faith Estimate**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Fourth Claim for Relief for Failing to Provide Mortgage Documents 24 hours prior to settlement**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Fifth Claim for Relief for Charging Undisclosed Lending Fees, Predatory Lending & charging illegal Yield spread Premiums**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Sixth Claim for Relief for Charging Undisclosed Fees**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the  Seventh Claim for Relief for Failing to Provide Disclosures 3 Days After Application**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Eighth Claim for Relief for Charging Undisclosed Fees

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;


## On the  Ninth Claim for Relief for Predatory Lending and Charging Yield Spread Premiums

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Tenth Claim for Relief Failing to provide Three copies of "Right to Rescind" at closing.**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;


**On the  Eleventh Claim for Relief for Failing to Make All Disclosures Available  before Consummation**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Twelfth Claim for Relief for Failing to Provide Disclosures for  Payment Schedule, number and amounts of Payments**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the  Thirteenth Claim for Relief for Failing to Make All Disclosures Total & sum of Payments**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Fourteenth Claim for Relief for Failing to Provide Disclosures for  regarding correct APR**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the  Fifteenth Claim for Relief to Quiet Title due to Breach of contract, TILA violations, RESPA violations & Pa Unfair Trade Practices Act & Consumer Protection Law.**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Sixteenth Claim for Relief for Failing to "Rescind Loan" Under TILA guidelines/laws**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the  Seventeenth Claim for Relief for Fraud & Breach of contract

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Eighteenth Claim for Relief for Failing to Provide Notices Of "Change of Rate" Throughout the Loan

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the  Nineteenth Claim for Relief for Failing to respond to "Qualified Written Requests"**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Twentieth Claim for Relief for Failing the Fiduciary duty  due to Plaintiff by" Steering"**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Twenty First Claim for Relief for Failing the Fiduciary duty due to Plaintiff by" Equity Stripping"**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Twenty Second Claim for Relief for Failing the Fiduciary duty due to Plaintiff by" Flipping"**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Twenty Third Claim for Relief for Failing to Provide Disclosures under the Pennsylvania Unfair Trade Practices and Consumer Protection Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Twenty Fourth Claim for Relief for Failing to Provide Disclosures and Terms under the Pennsylvania Unfair Trade Practices and Consumer Protection Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

### On the Twenty Fifth Claim for Relief for Failing to Provide Disclosures and Fees under the Pennsylvania Unfair Trade Practices and Consumer Protection Law

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

### On the Twenty Sixth Claim for Relief for Failing to Provide HUD - 1   24 hours prior to settlement.

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Twenty Seven Claim for Relief for charging predatory lending fees, yield spread premiums and fees beyond what market pays for similar loan under the Pennsylvania Unfair Trade Practices and Consumer Protection Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Twenty Eight Claim for Relief for omitting disclosures for number of payments, amount of payments, timing of payments, and total amount of payments required under the Pennsylvania Unfair Trade Practices and Consumer Protection Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the  Twenty Ninth Claim for Relief for Failing to Provide Disclosures  Required, "Amount you will have paid when all scheduled payments are made" under the Pennsylvania Unfair Trade Practices  and Consumer Protection Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirtieth Claim for Relief for Failing to follow Credit Reporting Resolution Process on the Loan under the Pennsylvania Unfair Trade Practices and Consumer Protection Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the  Thirty First Claim for Relief for Failing to Provide**
**Payment Schedule, Timing of Payments, Number of Payments, and Total**
**amounts of Payments during the term of the loan  under the Pennsylvania**
**Unfair Trade Practices  and Consumer Protection Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirty Second for Relief for Failing follow RESPA & The**
**Pennsylvania Unfair Trade Practices and Consumer**
**Protection Law during the Servicing of the Loan**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

**On the Thirty Third Claim follow RESPA, T'ILA and The
Pennsylvania Unfair Trade Practices and Consumer
Protection Law  when Payment may change.**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirty Forth Claim follow RESPA, T'ILA and The
Pennsylvania Unfair Trade Practices and Consumer
Protection Law  when Rate & Payment may change.**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the  Thirty Fifth Claim for Relief for Failing to Provide**
**Fiduciary Duty to Plaintiff under the Pennsylvania**
**Unfair Trade  Practices  and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirty Sixth for Relief for "Breach Of Fiduciary**
**Duty to Plaintiff " ThePennsylvania Unfair Trade Practices**
**and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

54

**On the  Thirty Seven Claim for Relief for failing to follow the Fair Credit Reporting Act and the Pennsylvania Unfair Trade  Practices  and Consumer Protection Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirty Eight for Relief for Violations under "The Real Estate Settlement  & Procedures Act"**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

55

**On the  Thirty Ninth Claim for Relief for violations under "The Fair Debt Collection & Practices Act" for Servicing Violations**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Fortieth for Relief for Violations under "The Fair Debt Collections Practices Act"/ Pennsylvania Unfair Trade & Practices Act"**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

56

**<u>On all Claims for Relief:</u>**

**1. Cost of suit;**

**2. Attorneys fees; and,**

**3. Such other relief as the court deems just and proper.**

**Dated** _March 1_____, **2010**

**Kenneth J Taggart**

**Plaintiff**

**Pro Se**

57