IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. TAGGART, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO HOME | : | |
| MORTGAGE, INC., et. al. | : | No. 10-cv-00843 |
| Defendants. | : | |

# MEMORANDUM

**STENGEL, J.**                                                                September 27, 2012

This is the mortgage foreclosure case that pro se plaintiff, Kenneth Taggart, filed against Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), American Partners Bank, and Eagle Nationwide Mortgage Company ("Eagle Nationwide"). Pending before this court is Plaintiff's Motion to Amend the Complaint (Doc. No. 103), to which Eagle Nationwide and Wells Fargo filed responses (Doc. Nos. 107 & 108). For the reasons set forth, I will deny Plaintiff's Motion to Amend.

## I.   Background

In December, 2008 Kenneth Taggart applied to refinance his mortgage loan on property located at 709 Schwab Road, Hatfield, Pennsylvania.[1] Eagle Nationwide Mortgage Company acted as a broker and American Partners Bank funded the loan. Complaint at ¶¶ 8-9. The mortgage loan closed on December 16, 2008. Wells Fargo now services the loan, which is owned by a securitized trust. Complaint at ¶ 11.

---

[1] Complaint at ¶ 7, Taggart v. Wells Fargo Home Mortgage, Inc., No. 10-843 (E.D. Pa. filed March 1, 2010).

On March 1, 2010, Kenneth Taggart filed a cause of action alleging various federal and state law claims. The complaint alleges various violations of the Real Estate Settlement and Procedures Act, the Truth in Lending Act, the Pennsylvania Unfair Trade Practices & Consumer Protection Laws, the Fair Credit Reporting Act, and Fair Debt Collection Practices Act. In addition, the complaint raises breach of contract and breach of fiduciary duty claims.[2] Plaintiff now seeks leave to add Mortgage Electronic Systems ("MERS") as a defendant because Plaintiff claims that MERS was the original lender of the mortgage loan in question.

Wells Fargo filed a motion to dismiss Taggart's complaint on June 4, 2010. (Doc. No. 5). On September, 27, 2010, I granted Wells Fargo's Motion to Dismiss. (Doc. No. 40). On December 10, 2010, Taggart filed an amended complaint. (Doc. No. 51). Again, Wells Fargo filed a second motion to dismiss on December 20, 2010 (Doc. No. 52), which was granted on April 19, 2011, and dismissed Wells Fargo from Taggart's amended complaint with prejudice.[3] (Doc. No. 70). That same day Eagle Nationwide's Motion to Dismiss was denied as untimely.[4] (Doc. No. 79).

On January 16, 2012, without filing a motion for leave to file an amended complaint, Plaintiff filed another Amended Complaint. (Doc. No. 99). On January 19,

---

[2] Mr. Taggart has also filed lawsuits alleging violations regarding other property he owns. See Memorandum and Order, Taggart v. Norwest Mortgage, Inc., No. 09-1281, 2010 WL 114946 (E.D. Pa. filed Jan. 11, 2010); Taggart v. Chase Bank USA, N.A., No. 09-1533, 2009 WL 1674419 (E.D. Pa. filed June 15, 2009) aff'd 353 Fed. Appx. 731 (3d Cir. Nov. 27, 2009); Taggart v. Greenpoint Mortgage Funding, Inc., No. 09-03416 (E.D. Pa. filed July 29, 2009) (consolidated with No. 09-3417); Taggart v. BAC Home Loans Servicing, LP, No. 10-01223 (E.D. Pa. filed March 19, 2010).

[3] On June 23, 2011, Taggart filed a motion for reconsideration of the Order dismissing Wells Fargo (Doc. No. 75), which I denied on August 15, 2011. (Doc. No. 78).

[4] I did not address the merits of Eagle Nationwide's Motion to Dismiss in my memorandum denying the motion.

2012, I entered an Order permitting Plaintiff to file a Motion for Leave to File an Amended Complaint on or before Thursday, January 26, 2012. On January 26, 2012, Plaintiff filed the instant Motion, which added claims against the previously-dismissed Wells Fargo and attempts to substitute Mortgage Electronic Registration systems ("MERS") with a John Doe alleged in the initial complaint. Eagle Nationwide responded on February 9, 2012 and Wells Fargo was permitted to file a response on February 12, 2012.

## II.   Standard

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course. . . . Otherwise, a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "While this Rule also states that leave to amend should be 'freely given,' a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Thus, an amendment must be permitted unless it would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 109 (3d Cir. 2002).

Futility

"Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same

3

standard of legal sufficiency as applies under Rule 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted). Under this standard, a court must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988)).

Bad Faith, Undue Delay, and Prejudice

"Mere delay alone is not enough to deny leave to amend, but 'at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.'" McKenna v. City of Phila., 511 F. Supp. 2d 518, 527 (E.D. Pa. 2007) (Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006)). In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).

Prejudice has been defined as "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." Hesling v. Avon Grove Sch. Dist., 428 F. Supp. 2d 262, 278 (E D. Pa. 2006) (Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir. 1696)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from

4

bringing a timely action in another jurisdiction. See Long v. Wilson, 393 F.3d 390, 400 (3d Cir. Pa. 2004).

### III. Discussion

I will deny Plaintiff's motion because his proposed amendments are untimely, substantially prejudice the Defendants, and are futile. Additionally, Plaintiff improperly seeks to add additional parties by adding Wells Fargo as a Defendant when they were twice dismissed. First, Plaintiff unduly delayed in filing his proposed amended complaint, which was filed nearly two years after his original complaint was filed on March 1, 2010. Plaintiff alleges that he was just provided the information concerning MERS and that Wells Fargo has committed additional violations since it was dismissed from the action with prejudice. However, these contentions are unpersuasive. The party seeking leave to amend has the burden of showing that justice requires the amendment and that the non-moving party is not prejudiced by the allowance of the amendment. Benson v. City of Phila., No. 89-8571, 2000 U.S. Dist. LEXIS 12359, at *6 (E.D. Pa., July 24, 2000).

Further, upon review of Plaintiff's proposed amended complaint, it is clear that the amendments essentially recite the same facts and arguments presented in Plaintiff's original complaint. See Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005) (affirming district court's denial of leave to amend where rather than explaining the cause of her delay in proposing amendments, plaintiff devoted most of her brief to re-arguing her original claims).

A. <u>Bad Faith, Undue Delay, Frivolousness and Prejudice</u>

Although Plaintiff is pro se, he is not exempt from complying with the Federal Rules of Civil Procedure. See <u>Nguyen v. ATM Corp. of Am.</u>, No. 08-531, 2008 U.S. Dist. LEXIS 106547, *2 (W.D. Pa. Nov. 21, 2008) ("[Plaintiff] must understand that even though she is proceeding pro se, she is still required to comply with all of the applicable procedural rules, including the Federal Rules of Civil Procedure, the Local Rules of Court and the chambers practices."). Plaintiff filed a Motion to Amend consisting of less than a paragraph. It does not provide any explanation or case law to support his request and does not even cite to a Federal Rule of Civil Procedure on which his request is grounded.

Moreover, granting Plaintiff's motion to amend his complaint would significantly prejudice the Defendants because it would require Eagle Nationwide to have to amend their motions for summary judgment or file additional dispositive motions in this matter. Wells Fargo would have to expend considerable resources and file numerous motions after having been dismissed with prejudice over six months ago. Further, Defendants would be forced to expend additional cost and preparation in defending against Plaintiff's accusations. See <u>Duffy v. Charles Schwab & Co.</u>, 2001 U.S. Dist. LEXIS 14070, 2001 WL 1104689, at *1-3(D.N.J. Sept. 4, 2001) (denying leave to amend because such would prejudice the defendant where summary judgment motions were pending and allowing amendment would result in increased cost, preparation, and motion practice).

6

B. <u>Futility</u>

Further, Plaintiff's proposed amendments would ultimately be futile.[5] With regard to Wells Fargo, each count asserted against the Defendant is either duplicative of claims I have previously dismissed with prejudice or does not state a claim upon which relief can be granted.[6] Plaintiff does not dispute that claims against Wells Fargo Home Mortgage Inc., were dismissed with prejudice. Instead, he argues that he never asserted claims, nor were any claims dismissed, against Wells Fargo Bank N.A. This argument is unpersuasive because Wells Fargo Bank N.A. is the successor in interest to Wells Fargo Home Mortgage Inc., and I have already found that the two merged in my Order dated November 22, 2010, denying Plaintiff's motion to add Wells Fargo Bank, N.A. to his original complaint. (Doc. No. 47). Plaintiff cites to no case law supporting his claims nor does he make any viable arguments.

Specifically, Count 30 and Count 37 allege that Wells Fargo violated the UTPCPL based on a violation of FCRA by allegedly reporting "in accurate payment history and balance from January 2011 – January 2012 all while in dispute" and that Plaintiff disputed the payment history and payment amount several times. Proposed Amended Compl. at ¶ 182. This claim cannot withstand a motion to dismiss for several reasons. First, Plaintiff does not state what provision of FCRA was allegedly violated.

---

[5] Additionally, even if the claims were not futile, Wells Fargo cannot be added as a new party by means of an amended complaint. The amended complaints claims which seek to add Wells Fargo back into this lawsuit despite its dismissal with prejudice do not satisfy Fed. R. Civ. Pro. 19. Plaintiff cannot add a party to a lawsuit by filing another amended complaint and Wells Fargo is not a party required to be joined by Rule 19. Wells Fargo has been previously dismissed two times (the second with prejudice), so it is obvious the court will be able to provide complete relief, without prejudice to itself or any party to the action. Fed. R. Civ. Pro 19.

[6] The amended complaint asserts claims against Wells Fargo in counts 13, 19, 30, 37, 38, 39, and 40. Claims 13, 19, and 38 are identical to claims previously dismissed with prejudice. Therefore, it is futile to amend these claims and

Additionally, Plaintiff has not proven that he notified a credit reporting agency of the dispute, which is a prerequisite to filing a charge under this Act. See Jaramillo v. Experian Information Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001); 15 U.S.C. § 1681s-2(b). He claims he disputed payments, but does not state to whom. Plaintiff has not alleged that a consumer reporting agency notified Wells Fargo of a dispute so as to trigger any duty under § 1681s-2(b). Nor does he allege the furnisher of information failed to investigate or rectify the disputed charge. Thus, plaintiff fails to state a claim under 15 U.S.C. § 1681s-2(b).

Counts 39 and 40 also cannot withstand a motion to dismiss because Wells Fargo is not a debt collector under the FDCPA.[7] Loan servicers are not "debt collectors" under the FDCPA unless the debt being serviced was in default at the time it was obtained by the servicer. See 15 USC § 1692a(6)(F); Dawson v. Dovenmuehle Mortgage, Inc., No. 00-6171, 2002 U.S. Dist. LEXIS 5688, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002) ("A loan servicer, someone who services but does not own the debt, is not a 'debt collector' if the servicer begins servicing of the loan before default. . . . [T]he statute applies to a mortgage servicing company only where the mortgage at issue was already in default at the time when servicing began.").[8] Plaintiff failed to allege in that the

---

[7] Count 39 alleges a violation the FDCPA based on alleged inaccurate and derogatory reporting by Wells Fargo.

[8] The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

mortgage was in default at the time Wells Fargo began servicing the loan. Therefore, Wells Fargo is not a debt collector, and the FDCPA is inapplicable.

With regard to MERS, the lender and note holder, Plaintiff is simply attempting to substitute MERS in the position of American Partners Back or Wells Fargo in claims that I have previously dismissed as legally insufficient. For example, in counts 1, 2, 5, 6, 7, 8, and 9, Mr. Taggart alleges violations of RESPA for failing to disclose various fees. These violations are almost identical to the claims dismissed on statute of violations grounds in the memorandum dismissing Plaintiff's claims against Wells Fargo. The only difference is that Plaintiff has added MERS as a Defendant. Therefore, as per my reasoning in my memorandum dismissing claims 1-9 against Wells Fargo, (Doc. No. 39) these claims against MERS would not withstand a motion to dismiss and amending the complaint would be futile.[9]

Similarly, counts 3, 4, and 7 raise identical claims previously dismissed against Wells Fargo now asserted against MERS. These claims, pursuant to 28 U.S.C. § 2603(b),

---

15 U.S.C. § 1692a(6)(G). Importantly, the legislative history of the FDCPA demonstrates that the term "debt collectors" does not encompass a mortgage servicing company. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (citing S. REP. No. 95-382, at 3 (1977)); Dawson v. Dovenmuehle Mortgage, Inc., No. 00-6171, 2002 U.S. Dist. LEXIS 5688, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002).

[9] Specifically, my opinion stated:

> To raise a private cause of action pursuant to 2607 challenging unearned fees, a plaintiff must file a lawsuit within one year of "the date of the occurrence of the violation." The date of the violation is the date of closing. See Morilus v. Countrywide Home Loans, Inc., 651 F. Supp. 2d 292, 306 (E.D. Pa. 2008) (statute required an action for kickbacks to be brought within one year of the date of the occurrence of the violation, which was the date of the closing). Mr. Taggart's mortgage loan closed on December 16, 2008 and the funds were disbursed on December 22, 2008. This was more than one-year before the filing of the complaint on March 1, 2010…. Mr. Taggart fails to allege an affirmative act of concealment on the part of Wells Fargo which would justify tolling the statute of limitations. I will grant Wells Fargo's motion to dismiss counts 1, 5, 6, 7, 8, and 9 because the claims are barred by the statute of limitations.

(Doc. No. 39 at 8-9).

do not provide a private right of action. As stated in my memorandum dismissing Wells Fargo:

> [C]ourts have found no private right of action should be implied. See Taggart v. Norwest Mortgage, Inc., 2010 WL 114946, at *2 (E.D. Pa. Jan. 11, 2010) (finding a private right of action should not be implied for §§ 2603-2604); Loften v. Diolosa, No. 05-1193, 2008 WL 2994823, at *9 n.10 (M.D. Pa. July 31, 2008) (stating "§ 2603 does not explicitly provide for a private cause of action and courts have determined that no implicit cause of action exists under § 2603"); see also Brophy v. Chase Manhattan Mortg. Co., 947 F. Supp. 879, 882 (E.D. Pa. 1996) (finding RESPA did not provide a private right of action for § 2604).

Therefore, these claims would not survive a motion to dismiss and amendment of the complaint would be futile.

Counts 10 through 16 and count 18 allege various TILA violations, which are again identical to those dismissed previously.[10] Specifically, Count 10 was dismissed because Mr. Taggart signed a notice of the right to cancel form, and acknowledged that he received two copies of the form, which prove Defendants conformity with 12 C.F.R. § 226.15(b).[11] In my previous opinion, I found that the payment schedule and total payments were, in fact disclosed to Plaintiff. Therefore, Counts 12 and 13 would not survive a motion to dismiss. Counts 11, 14, and 18 are insufficiently pled for the reasons articulated in my previous motion to dismiss.[12] Finally, Counts 15 and 16, regarding

---

[10] Count 10 alleges MERS failed to provide three copies of the "Right to Cancel" at closing. Count 11-13 and 18 allege failure to make requisite TILA and RESPA disclosures. Count 14 alleges defendants failed to provide the correct annual percentage rate in the closing documents. Count 15 alleges Mr. Taggart would like the right to "quiet title" and rescind the loan per the TILA. Count 16 seeks damages refusal to rescind the loan after notification by Plaintiff.

[11] 12 C.F.R. § 226.15(b) states "[i]n any transaction or occurrence subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind."

[12] Specifically, Count 11 does not state which disclosures Defendants failed to make before consummation and Counts 14 and 18 fail to allege when, or by how much, the interest rate and payment amount increased

right to rescind are futile because I have already found that Mr. Taggart signed the notice of the right to cancel on December 16, 2008, which included all the necessary disclosures and, therefore, pursuant to 12 C.F.R. § 226.23, his right to rescind expired in December 2008.[13]

Because each claim in the amended complaint is identical to the Plaintiff's original complaint, the reasons for dismissal would apply in this instance and amendment would be futile. Additionally, amendment would be inequitable given that discovery has closed, summary judgment motions have been filed, and Wells Fargo has already been dismissed with prejudice. Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003); Grayson v. Mayview State Hosp., 293 F.3d 103, 109 (3d Cir. 2002).

### IV. Conclusion

For the above reasons, I will deny Plaintiff's Motion to Amend the Complaint.

An appropriate Order follows.

---

[13] Plaintiff also fails to state a claim for breach of contract (Count 17), breach of fiduciary duty (Count 20-22), violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Counts 23-31, 33-36) for the same reasons articulated in my previous motion to dismiss. (Doc. No. 39 at 18-23). Because Plaintiff fails to allege a prima facie case the complaint could not withstand a 12(b)(6) motion and amendment would be futile.