IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. TAGGART, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO HOME | : | |
| MORTGAGE, INC., et. al. | : | No. 10-cv-00843 |
| Defendants. | : | |

M E M O R A N D U M

STENGEL, J.                                                    September 27, 2012

This is the mortgage foreclosure case that pro se plaintiff, Kenneth Taggart, filed against Wells Fargo Home Mortgage, Inc., American Partners Bank, and Eagle Nationwide Mortgage Company. Pending before this court is Plaintiff's Motion to Compel (Doc. No. 95), to which Eagle Nationwide filed a response (Doc. No. 98) and a Motion for a Protective Order (Doc. No. 97). For the reasons set forth, I will deny Plaintiff's Motion to Compel and I will grant Defendant's Motion for a Protective Order.

## I.     Background

In December, 2008, Kenneth Taggart applied to refinance his mortgage loan on property located at 709 Schwab Road, Hatfield, Pennsylvania.[1] Eagle Nationwide Mortgage Company acted as a broker and American Partners Bank funded the loan. Complaint at ¶¶ 8-9. The mortgage loan closed on December 16, 2008. Wells Fargo now services the loan, which is owned by a securitized trust. Complaint at ¶ 11.

---

[1] Complaint at ¶ 7, Taggart v. Wells Fargo Home Mortgage, Inc., No. 10-843 (E.D. Pa. filed March 1, 2010).

On March 1, 2010, Kenneth Taggart filed a cause of action alleging various federal and state law claims. The complaint alleges various violations of the Real Estate Settlement and Procedures Act, the Truth in Lending Act, the Pennsylvania Unfair Trade Practices & Consumer Protection Laws, the Fair Credit Reporting Act, and Fair Debt Collection Practices Act. In addition, the complaint raises breach of contract and breach of fiduciary duty claims.[2] On September, 27, 2010, I granted Wells Fargo's Motion to Dismiss. Eagle Nationwide's Motion to Dismiss was denied as untimely.[3]

On November 17, 2011, Plaintiff served Mary Travis with a subpoena to attend a deposition to answer questions regarding documents provided to her regarding the Plaintiff's mortgage and interrogatories to which she had previously responded. (Doc. No. 95 at 1). Travis failed to respond to the initial deposition, was subpoenaed a second time and has yet to be deposed. (Doc. No. 95 at 2). Travis retired from her Vice President position at Eagle Nationwide Plaintiff filed this motion to compel

## II.   Standard

The Federal Rules of Civil Procedure allow for broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Brummell v. City of Harrisburg, 2011 U.S. Dist. LEXIS 73627, 5-6 (M.D. Pa.

---

[2] Mr. Taggart has also filed lawsuits alleging violations regarding other property he owns. See Memorandum and Order, Taggart v. Norwest Mortgage, Inc., No. 09-1281, 2010 WL 114946 (E.D. Pa. filed Jan. 11, 2010); Taggart v. Chase Bank USA, N.A., No. 09-1533, 2009 WL 1674419 (E.D. Pa. filed June 15, 2009) aff'd 353 Fed. Appx. 731 (3d Cir. Nov. 27, 2009); Taggart v. Greenpoint Mortgage Funding, Inc., No. 09-03416 (E.D. Pa. filed July 29, 2009) (consolidated with No. 09-3417); Taggart v. BAC Home Loans Servicing, LP, No. 10-01223 (E.D. Pa. filed March 19, 2010).

[3] I did not address the merits of Eagle Nationwide's Motion to Dismiss in my memorandum denying the motion.

July 8, 2011). When one party refuses to comply with other parties' discovery requests, the aggrieved party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); see Fed. R. Civ. P 37(a)(3). The injured party must also certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The scope of what type of discovery may be compelled under Rule 37 is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure. [4]

---

[4] Fed. R. Civ. P. 26(b)(1) states:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1)

Further, "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, "even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 529 (D. Del. 2002); see also Fed. R. Civ. P. 26(b)(2)(C)(iii).

The relevant portion of Rule 34 states: Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations --stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things; or (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it…. (c) Nonparties. As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

Fed.R.Civ.Pro. 34

Likewise, a subpoena under Rule 45 "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08-2681, 2008 U.S. Dist. LEXIS 94165, 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008). Rule 45 bestows "broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands." Lefta Assocs. v. Hurley, No. 1:09-cv-2487, 2011 U.S. Dist. LEXIS 50683, 2011 WL 1793265, *2 (M.D. Pa. May 11, 2011). Moreover, courts have significant discretion when resolving discovery disputes. Gallas v. Supreme Court of Pa., 211 F.3d 760, 778 (3d Cir. 2000)(stating a trial court's discovery ruling will only be disturbed if "the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible").

## III.    Discussion

In the Motion to Compel, Mr. Taggart requests that the court compel Mary Travis, former Vice President of Eagle Nationwide, to respond to discovery requests and appear for a deposition. Eagle Nationwide's response in opposition and Motion for Protective Order respond similarly to the request.[5] Defendant argues that Mary Travis is not a party;

---

[5] The motion for a protective order filed by Defendant, Eagle Nationwide, states that the Defendants do not have to respond to Mr. Taggart's recent requests for production and interrogatories because the requests were not made to a party; the requests were in excess of the interrogatory limit (Rule 33); several of the requests go to the claims that the court has already dismissed; and the requests constitute harassment. Plaintiff has failed to respond to the argument that the interrogatories failed to comply with the limit set in Rule 33. Plaintiff directed fifty-one (51) interrogatories to the "President" of Eagle Nationwide, which is in excess of Rule 33's limit of twenty-five (25). Plaintiff seeks answers to the written discovery under Federal Rule of Civil Procedure 37(a)(2)(B), which states, in relevant part, that "if . . . a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer. . . ."

Mary Travis responded to the interrogatories when she was employed at Eagle

Nationwide; Mary Travis is retired and has no information regarding Mr. Taggarts claim;

and the requests constitute harassment.[6]   Eagle Nationwide responded to Plaintiff's

---

The relevant portion of Rule 33 states: Interrogatories to *Parties*

> (a) In General.  (1) Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)....
>
> (b) Answers and Objections. (1) Responding Party. The interrogatories must be answered: .... (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

Fed.R.Civ.Pro. 33.  Additionally, Pursuant to Fed. R. Civ. P. 33(a)(1), "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).  See Price v. Deloy, 2011 U.S. Dist. LEXIS 65739 (D. Del. June 17, 2011). The parties did not stipulate to interrogatories in excess of twenty-five, nor did the court grant leave to file additional interrogatories.  Accordingly, I will deny Plaintiff's motion to compel as it relates to those interrogatories which exceed the limit set by Rule 33 and I will strike the interrogatories in excess.

Defendants also argue that they should not be compelled to produce for deposition either the "President" or the "Custodian of Records" because Taggart failed to give proper notice.  Defendants contend that Plaintiff only notified them over email and continues to unilaterally set dates for depositions. Plaintiff responds that the Defendant "asked for simple informal request for discovery, and then misled plaintiff as to the notice required for depositions…"

The relevant portion of Rule 30 states:

> (b) Notice of the Deposition; Other Formal Requirements.   (1) Notice in General. A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. (2) Producing Documents. If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request complying with Rule 34 to produce documents and tangible things at the deposition.

Because Plaintiff does not refute that proper notice was not given to the "Custodian of Records," the Defendant's motion for a protective order will be granted and the Plaintiff's request for deposition will be stayed until Plaintiff complies with Rule 30 of the Federal Rules of Civil Procedure.  Further, Defendant alleges that the current president of Eagle Nationwide took the position as of November 2011 and has no personal knowledge of any acts giving rise to Plaintiff's claim.   Therefore, the Defendant's Motion for Protective Order to preclude Plaintiff from deposing Eagle Nationwide's President is granted.  See Reif v. CNA, 248 F.R.D. 448, 451 (E.D. Pa. 2008).

[6] Defendant's position that Rules 33 and 34 do not apply to nonparties as set forth in paragraph 5 of its protective order is only partially correct.  Under Rule 30, depositions may be taken of any party.  Under Rule 33, interrogatories are limited by the terms of the Rule to parties.  Rule 34 is not limited to parties.  However, a person

Requests for Admissions and Interrogatories, stating that the only person who had direct knowledge of the brokering of the subject loan was an individual named Bruce Snyder.[7]

Pursuant to Federal Rule of Civil Procedure 26(b)(3), the Court may, on its own initiative or pursuant to a motion for a protective order filed under Rule 26(c), limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . ." Fed. R. Civ. P. 26(b)(3).

In the case of nonparty deponents, courts recognize that "[d]iscovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents." See e.g., Northeast Women's Center, Inc. v. Mc Monagle, 1987 U.S. Dist. LEXIS 14083, 1987 WL 6665, *5 (E.D. Pa. Feb. 10, 1987) (citing Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980)). Further, interrogatories served on nonparties are nullity. Discovery of nonparties must be conducted by subpoena pursuant to FRCP 45. See e.g., Lehman v. Kornblau, 206 F.R.D. 345, 346 (E.D.N.Y. 2001).[8] Courts, however, have the discretion to prevent oppressive,

---

not a party to an action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

[7] Bruce Snyder was deposed by Plaintiff on December 2, 2011.

[8] Gen'l Ins. Co. of America v. Eastern Consol. Utilities, Inc., 126 F.3d 215, 220 (3d Cir. 1997) ("A non-party, by definition, is not a participant in the litigation and, when a non-party refuses to provide discovery, no claim has been asserted by or against it.").

harassing, inconvenient, and burdensome depositions of executive officials. Fed. R. Civ. P. 26(b)(2)(C)

Finally, parties to be deposed must have personal knowledge or the request to depose does not conform to Fed. R. Civ. P. 26(b)(1), which requires that discovery appear reasonably calculated to lead to discovery of admissible evidence. See Reif v. CNA, 248 F.R.D. 448, 451 (E.D. Pa. 2008). See also Salter v. Upjohn Company, 593 F.2d 649 (5th Cir. 1979)(requiring executive to have personal knowledge before allowing plaintiff to depose); Harris v. Computer Associates Intern., Inc., 204 F.R.D. 44, 46-47 (E.D.N.Y., 2001)(deposing high level corporate executives may be duplicative, cumulative and burdensome where executive lacks personal knowledge of the disputed events).

Plaintiff has not demonstrated that the information can only be obtained from Travis. When Travis answered the interrogatories, she did so as a representative of the Defendant. However, since her retirement, she no longer has access to any information or documents and is not authorized to answer on behalf of or as an agent of Defendant. Further, the Interrogatories and Requests for Admissions were served upon Defendant, Eagle Nationwide, not Travis. Travis asserts that she has no personal knowledge of the mortgage giving rise to the suit and Defendant states that the only individual with personal knowledge was previously deposed by the Plaintiff. Thus, the deposition of Travis would be unduly burdensome and duplicative, and the information Plaintiff seeks can be found elsewhere. Therefore, I conclude that Defendant is entitled to an order

precluding Plaintiff from deposing Travis or compelling Travis to answer any written discovery requests.

## IV.    Conclusion

For the above reasons, I will deny Plaintiff's Motion to Compel and I will grant Defendant's Motion for a Protective Order.

An appropriate Order follows.